## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) CRIMINAL NO. 13-cr-30023-MAP |
| | ) |
| **WALBER QUINONES,** | ) |
| | ) |
| **Defendant.** | ) |

## MOTION FOR RECONSIDERATION FOR ORDER
## OF PRETRIAL DETENTION

Walber Quinones, by and through his undersigned attorneys, hereby moves for reconsideration of this Court's prior order of detention pending trial. Dkt. Nos. 90-91. In support of this motion, the undersigned states the following:

## THE LEGAL STANDARD

The Supreme Court, in *United States v. Salerno*, 481 U.S. 739, 747 (1987), cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id*. at 755; *United States v. Dinunzio*, 2008 WL 2148754 (D. Mass 2008). For this reason, a defendant may be detained only if the court finds by (1) clear and convincing evidence, that the defendant is a danger to the community, or (2) a preponderance of the evidence, that the defendant poses a risk of flight. See 18 U.S.C. § 3142(f). "Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant." *United States v. Tortora*, 922 F.2d 880, 888 (1st Cir.1990).

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other

person and the community," the court should consider, among other factors: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person; and (3) the history and characteristics of the person. 18 U.S.C. § 3142(g).

Mr. Quinones has been charged with a serious drug offense.  On the other hand, Mr. Quinones has no prior record.  He is disabled to do a degenerative condition involving his right hand and arm.  He receives Social Security Disability Income due to this condition. His mother has raised money from friends who are willing to post $10,000.00 cash to secure his release.  Like the other defendants who have been released in this case, he has little incentive to flee.

In addition, it appears based on the undersigned's conversations with the United States Attorney's Office that Mr. Quinones is Safety Valve eligible. *See* 18 U.S.C. §  3553(f).  This gives him an additional strong motivation to remain in Massachusetts and resolve this matter before trial.  Discussions are ongoing in that regard.

For the above reasons, Mr. Quinones respectfully requests that this Court adopt Pretrial Services' initial recommendation of June 17, 2013, and release Mr. Quinones on the following conditions proposed conditions.

**PROPOSED CONDITIONS**

1. Mr. Quinones would live with his mother, Noemi Cruz, at 107 Spring Street, Apartment 4A, Springfield, Massachusetts.  His mother moved to Springfield with the express purpose of assisting Mr. Quinones as he deals with the pending indictment.  A copy of the lease is attached as Exhibit A.  He will consent to electronic monitoring, and a land line is in place to facilitate this.

2. In addition to providing a residence for Mr. Quinones, Ms. Cruz is willing to post real property owned by her in Yabucoa, Puerto Rico (*see* Exhibit B), with an appraised value of

approximately $50,000 (Exhibit C).  Ms. Cruz also owns property in San Juan, Puerto Rico, and is likewise willing to post that as well.  See Exhibit D.

3.  Mr. Quinones will not apply for a passport, and will abide by all usual conditions of pretrial release.

4.  Finally, Mr. Quinones will post the sum of $10,000.00 cash to secure his release.  This is, needless to say, more secure than Pretrial Services' initial recommendation of a $10,000.00 unsecured bond.

WHEREFORE, for all of the above reasons, Walber Quinones respectfully requests that the Court promptly schedule a hearing to consider this motion for reconsideration of the prior order of pretrial detention.

Respectfully submitted,

Dated:  December 27, 2013

*/s/ Andrew Levchuk*
Andrew Levchuk
Bulkley Richardson & Gelinas
1500 Main Street
27th floor
Springfield, MA  01115
413-272-6285
alevchuk@bulkley.com

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Andrew Levchuk*
Andrew Levchuk

Date:  December 27, 2013

3